UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT WEEKES, Individually, and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>BEYOND BETTER FOODS, LLC,<br><br>        Defendant. | Case No: 1:21-cv-10581-JMF<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)** |

Defendant Beyond Better Foods, LLC ("Beyond Better Foods") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Robert Weekes's ("Plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## **INTRODUCTION**

Plaintiff's cut-and-paste complaint should be dismissed because he alleges no actual injury, because he made no effort to notify Beyond Better Foods of its supposed violation of his rights before filing suit, and because his allegations are implausible. Beyond Better Foods is a company that offers a variety of reduced-sugar desserts under the "Enlightened" brand. Its products include light ice cream, keto ice cream, Greek yogurt cheesecakes, and low-carb ready-to-bake cookies. It sells a small number of its products on its website, eatenlightened.com. Its website is accessible to the blind and visually impaired.

Plaintiff is a is a serial litigant who claims he was denied "access" to eatenlightened.com because it does not comport with his self-determined notions of what makes websites "accessible" to the visually impaired. In the last six months, he has filed the same complaint in over six dozen cases in this jurisdiction, against businesses ranging from a famous music school (*Weekes v. The Juilliard School*, No. 1:22-cv-00282 (S.D.N.Y. Jan. 11, 2022)), to a luxury furnituremaker (*Weekes v. Valyou Furniture LLC*, No. 1:21-cv-10792 (S.D.N.Y. Dec. 16, 2022)), to an influencer's (and wannabe boxer) clothing company (*Weekes v. Maverick by Logan Paul, LLC*, No. 1:21-cv-11167 (S.D.N.Y. Dec. 30, 2021)), to a men's underwear company known for its signature "ballpark pouch" (*Weekes v. SAXX Underwear (USA) Co.*, No. 22:cv-00289 (S.D.N.Y. Jan. 11, 2022)). Of course, Plaintiff did not actually try to enroll in Juilliard, purchase a sectional, collect some Logan Paul merchandise, stock up on "ballpark pouch" underwear, and then order some ice cream all in the span of a few days earlier this year. Rather, he filed suit against these and many other small businesses without regard to whether the websites are

genuinely accessible or even attempting to contact the businesses he claims are violating his rights, because he is not a bona fide purchaser and is instead just looking to make money for himself and his lawyer.

Plaintiff targeted Beyond Better Foods because it is a small business for which litigation is costly, just like the 80 other businesses he has sued in the Southern District of New York. Plaintiff and his attorney are members of a growing cottage industry that extracts money from small business by "bring[ing] multiple cases against small businesses on behalf of the same plaintiff when that plaintiff has no genuine intention of using the services of so many businesses." *See Adams v. 724 Franklin Ave. Corp*., No. 16-CV-5138 (BMC), 2016 WL 7495804, at \*2 (E.D.N.Y. Dec. 30, 2016) (collecting cases). Plaintiff's copy-and-paste complaint generically alleges that Beyond Better Foods's website imposes access barriers that would prevent him from making a purchase had he ever intended to do so. Plaintiff's allegations are meritless and should be dismissed for at least three reasons. **First,** his pattern of visiting websites so he can file suit—and his failure to allege that any accessibility barrier on Beyond Better Foods's website prevented him from purchasing a specific product—demonstrates that he lacks standing. **Second**, Plaintiff's claims are implausible under Rule 12(b)(6) because the website is accessible to the visually impaired, which the Court can confirm by visiting www.eatenlightened.com. **Third**, Plaintiff failed to allege that he requested any modification of the website or that Beyond Better Foods denied such a request, which are factual predicates for his claims. Beyond Better Foods respectfully submits that Plaintiff's motion must be dismissed for each of these three reasons.

## BACKGROUND

Beyond Better Foods makes a variety of desserts that are high in protein, low in calories, fat, and sugar, and full of flavor. Since selling the first box of Enlightened ice cream bars in 2012, it has expanded its offering to include light ice cream, keto ice cream, Greek yogurt cheesecakes, and low-carb ready-to-bake cookies.

Plaintiff sued Beyond Better Foods because he supposedly visited its website once and identified what he determined to be "accessibility barriers." (Compl. ¶¶ 22-23.) Plaintiff alleges that he was "highly interested in purchasing the products offered by" (*id.* ¶ 24) Beyond Better Foods but does not specify what product or products he hoped to purchase and does not allege that he ever purchased them before, purchased them in a store, or purchased them via another online retailer. Plaintiff also never states that he ever requested a modification of the website that would allow him to complete a transaction.

## LEGAL STANDARD

A motion to dismiss brought under 12(b)(1) should be granted when the plaintiff lacks Article III standing, and thus the Court "has no subject matter jurisdiction to hear [his] claim." *Cent. States Se & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 4333 F.3d 181, 197 (2d Cir. 2005). A plaintiff bears the burden of establishing standing by showing (1) he has suffered a concrete injury in fact (2) that is fairly traceable to a defendant's challenged conduct and (3) will likely be redressed by a favorable decision. *Lujan Defs. v. Defs. of Wildlife*, 504 U.S. 555, 560, 560-61 (1992). A plaintiff must demonstrate standing for each claim and each form of relief sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008).

To withstand a motion to dismiss under Rule 12(b)(6), "a plaintiff must plead facts sufficient 'to state a claim for relief that is plausible on its face.'" *Moore v. Samuel S. Stratton*

3

*Veterans Admin. Hosp.*, No. 116CV475LEKCFH, 2019 WL 251725, at *2 (N.D.N.Y. Jan. 17, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, "documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit." *Lowell v. Lyft*, 352 F. Supp. 3d 248, 254 (S.D.N.Y. 2018) (citing *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013)).

Specifically, the Court may consider a website when it is incorporated by reference into the complaint. *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 693 n.3 (S.D.N.Y. 2009) ("Because the Website is incorporated by reference into the Complaint, the Court may consider it on a motion to dismiss."); *Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL 5416510, at *1 n.1 (S.D.N.Y. Sept. 27, 2016) ("Because, however, the Complaint relies explicitly on [the] website, the Court will consider the totality of the website as of the relevant date."); *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 319 n.1 (S.D.N.Y. 2006) (drawing facts from the Website, which was incorporated by reference into the Complaint); *Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Montana 2002) (deciding "it is appropriate for the Court to look beyond the pleadings in this matter and consider the contents of the website when ruling on [defendant's] motion to dismiss.")

4

**ARGUMENT**

Plaintiff's claims should be dismissed because he has not suffered a concrete injury that may be redressed by this Court. Also, the allegations in the complaint are implausible: the website, which is incorporated by reference into the complaint, is fully accessible to the visually impaired. Finally, the Plaintiff fails to allege facts sufficient to state a claim. There are no allegations that Beyond Better Foods denied Plaintiff any accommodation or modification of the website, which are indispensable elements of a discrimination claim under the ADA and New York City laws.

**I.  PLAINTIFF WAS NOT INJURED AND THEREFORE LACKS ARTICLE III STANDING.**

Plaintiff asserts causes of action under the ADA and the New York City Human Rights Law ("NYCHRL").[1] (Compl. ¶¶ 37-52.) To have standing to assert a claim under those statutes, a plaintiff must at a minimum allege (i) that the defendant's conduct caused him injury, (ii) that such discriminatory conduct will continue, and (iii) he will return to the website. *See Guglielmo v. Nebraska Furniture Mart, Inc.*, 19 Civ. 11197 (KPF), 2020 WL 7480619 *4 (S.D.N.Y. Dec. 18, 2020).

Plaintiff is a professional litigant who sues website owners that caused him no actual injury. As the Supreme Court recently reaffirmed in *TransUnion LLC v. Ramirez,* "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." 141 S. Ct. 2190, 2205 (2021) (emphasis in the original). The Court further held that "Article III does not give federal courts the power to

---

[1] The complaint also contains a fifth cause of action for declaratory relief, which is dependent upon the other two causes of action and therefore should also be dismissed. (Compl. ¶¶ 53-55.)

order relief to any uninjured plaintiff," including "unharmed plaintiffs" like the Plaintiff in this case that are "doing no more than enforcing general compliance with regulatory law." *Id.* at 2205.

In his capacity as a tester, Plaintiff has filed over 80 nearly identical complaints in which he makes identical allegations about how he supposedly attempted to patronize websites but was denied access. Here, in addition to visiting the website as a self-appointed ADA enforcer, Plaintiff also alleges he visited the website to "*inter alia*, purchase products, goods, and/or services." (Compl. ¶ 2.) Given Plaintiff's history of filing nearly identical lawsuits against countless other websites, his allegations that he ever intended to purchase anything on Beyond Better Foods's website should not be credited. *See Krys v. Pigott*, 749 F.3d 117, 133 (2d Cir. 2014) (a court may dismiss claims that are "implausible in light of factual allegations in the pleading itself"); *AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 534 (2d Cir. 2020) (affirming dismissal and award of Rule 11 sanctions when plaintiff implausibly alleged that it repeatedly transferred money to a bank that supposedly stole it).

Moreover, Plaintiff never identifies a product he hoped, but was ultimately unable, to purchase. He also never alleges that he was prevented from making a purchase as the result of an accessibility barrier. Instead, he merely alleges that he visited the website, which offered "sugar free cones, ice cream and other related items," encountered "accessibility barriers," and that he was "highly interested in purchasing the products offered by" Beyond Better Foods. (Compl. ¶¶ 20-24.) Plaintiff did not, and cannot, allege that an accessibility barrier prevented him from buying anything. He therefore was not injured and lacks standing to bring a claim. His efforts to enforce "general compliance with regulatory law" in the absence of any actual injury has no

place in federal courts in light of *TransUnion*, especially given his failure to allege any concrete injury caused by the supposed accessibility barriers on the website.

## II. PLAINTIFF'S CLAIMS ARE IMPLAUSIBLE BECAUSE THE WEBSITE IS ADA COMPLIANT.

The elements of causes of action under the ADA and NYCHRL are essentially the same in the disability context. To state a claim under Title III of the ADA, a plaintiff must allege that (1) he is disabled within the meaning of the ADA; (2) defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against him by refusing to provide him a full and equal opportunity to enjoy the services defendant provides. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *see* 42 U.S.C. § 12182(a). "While the NYCHRL[2] 'provides somewhat broader rights' than the ADA and requires 'independent liberal construction,' claims for disability discrimination arising under the NYCHRL are governed by the same legal standards as federal ADA claims." *Roberman v. Alamo Drafthouse Cinema Holdings, LLC*, 120 N.Y.S.3d 709, 712 (N.Y. Sup. Ct. 2020) (citing *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012); *Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 WL 1299966, at *6 (S.D.N.Y. Mar. 21, 2019)).

Plaintiff's complaint should be dismissed because his claims are implausible: the website complies with the ADA. The website's accessibility can be established at the pleading stage and is a separate and independent reason to dismiss Plaintiff's claims. *See Del-Orden v. Bonobos,*

---

[2] To state a claim under NYCHRL, a plaintiff must allege that "(1) [she] is a member of a protected class as defined by the NYCHRL; (2) [Defendant] directly or indirectly refused, withheld from, or denied an accommodation, advantage, facility, or privilege thereof based, in whole or in part, on [Plaintiff's] membership in a protected group; and (3) [Defendant] acted in such a manner and circumstances as to give rise to the inference that its actions constituted discrimination in violation of Section 8-107(4)." *Roberman v. Alamo Drafthouse Cinemas Holdings, LLC,* 120 N.Y.S.3d 709, 714 (N.Y. Sup. Ct. 2020).

*Inc.*, 2017 WL 6547902 *12-13 (S.D.N.Y. Dec. 20, 2017) (court may review website at issue to determine whether any accessibility barriers exist and thus whether Plaintiff's claims are plausible); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 693 n.3 (S.D.N.Y. 2009) ("Because the Website is incorporated by reference into the Complaint, the Court may consider it on a motion to dismiss."); *Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL 5416510, at *1 n.1 (S.D.N.Y. Sept. 27, 2016) ("Because, however, the Complaint relies explicitly on [the] website, the Court will consider the totality of the website as of the relevant date."); *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 319 n.1 (S.D.N.Y. 2006) (considering facts from the Website, which was incorporated by reference into the Complaint); *Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Montana 2002) (deciding "it is appropriate for the Court to look beyond the pleadings in this matter and consider the contents of the website in ruling on [Defendant's] motion to dismiss.")

Beyond Better Foods's website provides everything that a visually impaired consumer needs to purchase a product. Each product page has an image of the product with its name,



a mechanism for selecting quantity, an "add to cart" button to allow purchase,



and fields for shipping and payment information.





Each of these elements on the website has an associated "label" or "button" in the website's HTML code. During the purchasing process, screen readers "will read out loud the label, when the user is focused on the element." Refsnes Data, https://www.w3schools.com/tags/tag_label.asp (last visited Jan. 6, 2022). Similarly, "[b]uttons are interactive controls and thus focusable," and "when the button role is used, screen readers

10

announce the element." Mozilla, https://developer.mozilla.org/en-US/docs/Web/Accessibility/ARIA/Roles/button_role (last visited April. 6, 2022); Refsnes Data, https://www.w3schools.com/tags/tag_button.asp (last visited April. 6, 2022).

Plaintiff's complaint identifies two alleged "accessibility barriers": (1) "The screen reader fails to contiunue to the next item when arrow is selected to proceed," and (2) "The screen reader fails to read the item description link." However, as demonstrated above, there is no "arrow" that a customer needs to select to purchase a product on the website. Likewise, every product on the website has a text "description" that can be read by any screen-reading software, including Plaintiff's NVDA software.

Thus, the Court can look to the website to confirm that there are no barriers that could prevent Plaintiff or any other visually impaired individual from purchasing a product. Plaintiff's claims should be dismissed as implausible.

### III. PLAINTIFF FAILED TO ALLEGE THAT BEYOND BETTER FOODS REFUSED TO MAKE REASONABLE MODIFICATIONS TO ITS WEBSITE.

Plaintiff also failed to allege that he requested a reasonable modification of the website that was subsequently refused. "A plaintiff's request for a reasonable modification is necessary to determine whether the defendant could reasonably provide such modification and whether the defendant's subsequent failure to do so constitutes discrimination." *Castillo*, 412 F. Supp. 3d at 451 (dismissing ADA claim.); *Schoengood v. Hofgur LLC*, No. 20-CV-2022 (KAM), 2021 WL 1906501, at *5 (E.D.N.Y. May 12, 2021) ("[D]espite defendants being on notice of plaintiffs' disabilities, they were not on notice regarding plaintiffs' requested accommodations, which inherently invalidates the reasonable accommodation claim.") An unlawful discriminatory practice in the context of disability discrimination includes "a refusal to make reasonable modifications in policies, practices, or procedures" that are needed to enable an individual with a

11

disability to take advantage of a place of accommodation; or, similarly, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services." *Sullivan v. BDG Media, Inc.*, 146 N.Y.S.3d 395, 402 (N.Y. Sup. Ct. 2021) (quoting N.Y. Exec. Law § 296(2)(c)(i)-(ii)) (dismissing NYCHRL claims based on website inaccessibility because plaintiff did not allege that he sought and was denied a modification or accommodation.) The requirement that a defendant must refuse to provide an accommodation before it may be held liable under the ADA or New York City laws makes sense: the "requirement that private entities make 'reasonable accommodations' for disabled individuals would be rendered meaningless if the entity had no basis for knowing (1) what accommodations the plaintiff was seeking, and (2) whether those accommodations were reasonable in light of the disability . . . ." *Castillo,* 412 F. Supp. 3d at 451 (quoting *Shaywitz*, 848 F. Supp. 2d at 467; citing *Dudley v. Hannaford Bros. Co.*, 333 F. 3d 299, 309 (1st Cir. 2003)). "Indeed, the implementing regulations contemplate that a public accommodation will '*consult* with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication.'" *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496, at *11 n. 6 (S.D.N.Y. Apr. 23, 2020) (emphasis in the original) (quoting 28 C.F.R. § 36.303(c)(1)(ii)).

  Here, Plaintiff's complaint does not allege that Beyond Better Foods refused to make necessary modifications to its website, or refused to take steps necessary for Plaintiff to enjoy the website content without auxiliary aids "because [Plaintiff] has not alleged that he ever requested such steps or modifications in the first place." *Sullivan*, 146 N.Y.S.3d at 402. There are no allegations in the complaint that Beyond Better Foods "would refuse to make reasonable modifications on request." *Id.* at 403; *see Castillo*, 412 F. Supp. 3d at 452. Nor could there be, as

the website provides straightforward means to contact Beyond Better Foods. *See* https://eatenlightened.com/pages/contact (last visited Apr. 7, 2022). Accordingly, Plaintiff's claims should be dismissed. *See Castillo*, 412 F. Supp. 3d at 452 (dismissing ADA claim when the defendant's "websites contained several resources regarding ADA compliance, including contact information for a representative who could be reached regarding ADA accessibility.")

## **CONCLUSION**

For the foregoing reasons, Beyond Better Foods respectfully requests this Court dismiss all claims against with prejudice.

Dated: April 7, 2022                                   Respectfully Submitted,

                                                                         /s/ David Kwasniewski

                                                                         David Kwasniewski, Esq.
                                                                         **BRAUNHAGEY & BORDEN LLP**
                                                                         351 California Street, 10th Floor
                                                                         San Francisco, CA 94104
                                                                         Tel. & Fax: (415) 599-0210
                                                                         kwasniewski@braunhagey.com

                                                                         *Attorneys for Defendant*
                                                                         *Beyond Better Foods, LLC*